# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JUSTE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 15-169 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UPMC MERCY HOSPITAL, NURSE MELISSA, TONY, CURRY, MICHEAEL J. LYNCH, ROBERT J. BEARD, ANTHONY PFEIFFER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

Having been granted leave to proceed in forma pauperis ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). See Atamian v. Burns, 2007 WL 1512020, *1-2 (3d Cir. 2007) ("the screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike") (citations omitted). Under that statute, the Court is required to dismiss any action that "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); Fedee v. Dow, 2012 WL 5472120, *2 (D. N.J. 2012) (citations omitted). A complaint states a claim for relief if it contains, *inter alia*, "a short and plain statement of the grounds of the court's jurisdiction." Fed. R. Civ. P. 8(a). When a plaintiff is pro se, the Court is obligated to "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

Plaintiff brings medical malpractice and tort law claims against Defendants. Compl. at 1. Plaintiff states that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a), which grants federal courts original jurisdiction over matters arising under "any Act of Congress

relating to patents, plant variety protection, copyrights and trademarks." Compl. at 2; 28 U.S.C. § 1338(a). Plaintiff's improper citation to the federal courts' patent jurisdiction notwithstanding, he states that the Court has jurisdiction over his claim, allegedly arising under various federal statutes including the Federal Tort Claims Act, the Americans with Disabilities Act, "Homeless Malpractice Medical" and various civil rights acts. Compl. at 3-4, 6-7.

Liberally construing pro se Plaintiff's Complaint, the Court does not see how it might possibly have jurisdiction over his claims. He is suing a private hospital and its employees – all alleged residents of Pennsylvania, like Plaintiff. Plaintiff alleges that on January 25, 2015, he had blood drawn at Allegheny General Hospital, at which time he was injected with saline. Compl. at 9. After that injection, he experienced a burning sensation, for which he sought help at UPMC Mercy Hospital ("Mercy") on February 3, 2015. Once admitted at Mercy, Defendants informed Plaintiff that the Doctor had ordered an "AKG" and a chest x-ray. Chest x-rays were taken. Plaintiff then underwent an "AKG", and Defendant Tony informed him that the results were "abnormal." Plaintiff then told the hospital staff that "something was totally wrong" due to the January 25, 2015, saline injection. There was an apparent power outage related to the "AKG machine;" Defendants Tony and Melissa then took another "AKG." The Doctor, Defendant Pfeiffer, met with Plaintiff and asked him about high blood pressure and diabetes, which he states he never suffered from prior to arriving in Pittsburgh, Pennsylvania.

Plaintiff believes his is suffering harm and pain from the prior injection of saline. He alleges that Defendant Pfeiffer prescribed him two improper medications. When he retrieved his medical record from Mercy, it indicated treatment for chest pain, which Plaintiff denies experiencing. His medical file contained results from one EKG, and he seeks the results from the two EKGs he believes he underwent. He alleges that Defendant Pfeiffer wrongfully

prescribed him medications for stomach acid problems and chest pains, rather than the burning sensation and high, volatile blood pressure that he was experiencing.

Plaintiff believes he was the victim of medical malpractice, in terms of both improper treatment and denial of access to his true medical records. He further alleges that Defendants are "lying and making false records" about his health issues. He seeks money damages.

To the extent that Plaintiff asserts claims on which relief may be granted, they may not be granted by this Court. UPMC Mercy Hospital is not a government entity, and its employees are not state actors. To the best that the Court can surmise, this is a medical malpractice and tort law case originating, if anywhere, under state law, over which the Court lacks jurisdiction. There is no alleged diversity of citizenship necessary to establish diversity jurisdiction over this claim. Even construing Plaintiff's complaint liberally, the Court is "unable to divine any viable federal claim[] for relief or basis for diversity jurisdiction." Mierzwa v. Safe & Secure Storage, LLC, 493 Fed.Appx. 273 (3d Cir. 2012).

## CONCLUSION

For the reasons stated above, this case is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.


March 2, 2015								s\Cathy Bissoon
										Cathy Bissoon
										United States District Judge

cc (via First-Class U.S. Mail):

Andre Juste
903 Watson Street
Pittsburgh, PA 15219